UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

CRIM. CASE NO. 13-20270

v.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

D-1  RICHARD ROGERS, and
D-2  DORIAN TAYLOR

        Defendant(s).

_____/

## ORDER DENYING DEFENDANT ROGERS' MOTION TO SUPPRESS PHYSICAL EVIDENCE SEIZED FROM AUTOMOBILE

On December 12, 2012, Federal and State Task Force agents, in a marked police car, stopped a silver Pontiac Grand Prix car driven by Defendant Richard Rogers in the City of Detroit, for failing to stop at a stop sign on Montclair and Kercheval, and for failing to yield at the intersection of Montclair and Vernor.  Defendant Richard Rogers was the sole occupant of the car which was registered to Ms. Sanja Brewer at 2187 Harding Street in Detroit, Michigan.  The Grand Prix had been previously observed leaving the 2187 Harding Street residence that was under surveillance by the Task Force.

After the vehicle stop, in response to a request by Task Force Agent Richardson for a drivers license, Defendant Rogers stated that he did not have a driver's license, and that he had "weed" (marijuana) in his possession.  At that point, Richardson arrested Rogers, and asked him if he had "anything else."  Rogers responded that there was cocaine in the car, which Richardson

1

found protruding from under the front seat. Thus, Rogers had been arrested for a felony offense, and the arresting officer could search his car. Rogers was not given a traffic ticket for failing to honor the stop sign.

Rogers contends that the stop violated his Fourth Amendment right because the officer did not have a legal justification for the stop/search/seizure. The Court concludes that the stop was legally proper, and Rogers' statements at the scene and the evidence seized from the car should not be suppressed.

The Court finds that TFA Richardson had a factual basis to support the vehicle stop – traffic law violations. *Whren v. U.S.*, 517 U.S. 806, 809-10 (1996). When Rogers, after the stop, spontaneously told Richardson that he possessed "weed" (marijuana), Richardson had probable cause to arrest Rogers for a felony. Since there were no other passengers in the car that Rogers had been driving, TFA Richardson could search the now-abandoned car. Further, Richardson's arrest of Rogers for possessing weed in the car, justified Richardson's instantaneous followup question: "anything else," given the likelihood of Rogers' possession of a weapon or other drugs. Rogers' response to "anything else," that there was cocaine in the car, gave TFA Richardson cause to seize the bag containing cocaine from under the front seat of the car. In addition, since the car was now abandoned, it was inevitable that the Police would search the car for drugs/guns before leaving the scene – a public location.

The Court concludes that there was no Fourth Amendment Violation in the arrest of Defendant Rogers, and the seizure of the car, and no illegal searches of Rogers or the car.

The Supreme Court held in *Thornton v. United States*, 124 S.Ct. 2127 (2004) that where an arrestee is a "recent occupant of a vehicle . . . officers may search that vehicle incident to the

arrest." In *Thornton*, the Court initially noted that its prior opinion in *New York v. Belton* "held that when a police officer has made a lawful custodial arrest of an occupant of an automobile, the Fourth Amendment allows the officer to search the passenger compartment of that vehicle as a contemporaneous incident of arrest." *Id.* 2129, *Thornton* extended *Belton* to permit that search "even when an officer does not make contact until the person arrested has left the vehicle." *Id.*:

> In all relevant aspects, the arrest of a suspect who is next to a vehicle presents identical concerns regarding officer safety and the destruction of evidence as the arrest of one who is inside the vehicle.
> . . .
> Once an officer determines that there is probable cause to make an arrest, it is reasonable to allow officers to ensure their safety and to preserve evidence by searching the entire passenger compartment.

*Id.* 2131-32. Here, Rogers was in the car at the time of the arrest, and under *Belton* and *Thornton*, the police acted lawfully.

Accordingly, the Court denies Defendant Rogers' Motion to Suppress Physical Evidence Seized from the Pontiac Grand Prix.

SO ORDERED.

DATED: FEB 1 9 2014

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE